This is an application by the receiver of the United Steel Construction Company for a restraining order forbidding the Markland company from interfering with the removal of certain machinery, tools, c., which the receiver claims belong to the construction company. The Markland company is the general contractor engaged in the erection of the new convention hall in Atlantic City. The construction company was a subcontractor.
It appears that the Markland company and the construction company had a disagreement as to payments to be made *Page 97 
by the former to the latter. Negotiations for settlement failed and the receiver for the construction company abandoned the work and demanded the return of the machinery.
The contract provides:
"If in the opinion of the contractor, the subcontractor shall not have made adequate provisions for the prompt and faithful performance of his contract or, if the subcontractor shall get behind in his portion of the job so as to prejudice the probability of the subcontractor being able to finish at the time required * * *. In either event the contractor shall have the right to enter upon the premises and take possession for the purpose of completing the work included under his contract of all the materials, tools and appliances belonging to the subcontractor and for this purpose this agreement shall be construed as an assignment by the subcontractor to the contractor of all such materials, tools and appliances."
Moreover, the agreement between the city of Atlantic City and the Markland company — which is embodied in the contract between the Markland company and the construction company — requires that all materials and equipment used in the construction of the building shall remain to aid in its completion — or words to that effect.
Again, the bonding company which bonded the Markland company objects to the relief asked for because it insists it has an assignment of this equipment from the construction company.
The erection of this building is an important public work and the removal of this machinery would unquestionably cause delay and embarrassment.
It is not contended that the Markland company is unable to respond in damages for any amount that may be found due the receiver. There is conflict in the filed affidavits as to what actually took place prior to the abandonment by the receiver of the contract.
Counsel for the Markland company contends that the question of legal title to the equipment, right of possession and amount due in damages are all questions of law, and in this I am inclined to agree with him.
Therefore, on the facts as above outlined I do not feel justified in interfering with the completion of a great public work and embarrassing its prompt and orderly progress. The *Page 98 
questions raised by the receiver can be settled either in this court or at law as well after the completion of this structure as during its construction.
I will deny the motion for restraint. Counsel for the Markland company agrees in his brief that the compressors, which are not being used on the work, may be removed. This, therefore, can be done.